J-A04025-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| US BANK NATIONAL TRUST ASSOCIATION | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| MICHELLE VONNIEDA-LAGRASSA AND ROBERT LAGRASSA | : : : | No. 56 MDA 2025 |
| Appellant | : : | |

Appeal from the Order Entered December 6, 2024
In the Court of Common Pleas of Lancaster County Civil Division at
No(s): CI-23-03288

BEFORE: PANELLA, P.J.E., KING, J., and LANE, J.

JUDGMENT ORDER BY KING, J.:          **FILED: JANUARY 28, 2026**

Appellants, Michelle Vonnieda-Lagrassa and Robert Lagrassa, appeal from the order entered in the Lancaster County Court of Common Pleas, which granted summary judgment in favor of Appellee, US Bank National Trust Association. For the reasons that follow, we remand this matter to the trial court for preparation of a supplemental Pa.R.A.P. 1925(a) opinion.

Briefly, Appellee commenced this action on May 12, 2023, by filing a complaint in mortgage foreclosure against Appellants. On July 26, 2024, Appellee filed a motion for summary judgment. By order of December 6, 2024,[1] the court granted Appellee's motion for summary judgment.

_____

[1] The order was entered on December 5, 2024, with Pa.R.C.P. 236 notice provided on December 6, 2024. As explained ***infra***, we use December 6, 2024 as the operative filing date of the order.

Appellants filed their notice of appeal on Tuesday January 7, 2025. Thereafter, this Court issued a rule to show cause why the appeal should not be quashed as untimely. Appellants initially failed to respond to the show cause order and their appeal was quashed. Appellants then filed an application for reconsideration of the quashal, alleging that the court had been closed for inclement weather on the deadline to file the notice of appeal. This Court reinstated Appellants' appeal on April 29, 2025.

Under Pennsylvania law, an appeal must be taken within thirty days after the date that a final order is entered on the trial court docket, accompanied by the notation that written notice of entry has been provided to the parties pursuant to Rule of Civil Procedure 236(b). **See** Pa.R.A.P. 903(a); Pa.R.C.P. 236(b). Here, the order granting summary judgment was "entered on the docket" at the time Rule 236 notice was sent to the parties on December 6, 2024. Because the 30th day thereafter was a Sunday, the final day to file a notice of appeal fell on Monday, January 6, 2025. **See** 1 Pa.C.S.A. § 1908 (providing that "when the last day of [a] period shall fall on a Saturday or Sunday … such day shall be omitted from the computation"). However, because the court was closed for inclement weather that day, Appellants timely filed their notice of appeal on the following business day, January 7, 2025. **See Commonwealth v. Muldrow**, 327 A.3d 256, 258 n.2 (Pa.Super. 2024) (holding "if the office is closed [on a non-holiday], we have held that this amounts to a breakdown in court operations, and we have

allowed the appeal to be filed the following business day").

Based on the trial court's conclusion that the appeal was untimely filed, it declined to issue a Rule 1925(a) opinion addressing the issues raised in Appellants' Rule 1925(b) statement. *See* Pa.R.A.P. 1925(a) (stating that "upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall…file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found"). As such, we do not have the benefit of an opinion explaining the reasons for the trial court's order as to each of the claims presented on appeal. Accordingly, we remand this case to the trial court to issue a supplemental opinion pursuant to Rule 1925(a) addressing all issues properly preserved in Appellants' Rule 1925(b) statement. The trial court shall have 30 days to file its opinion. Following the filing of the trial court's supplemental opinion, the parties shall promptly advise this Court whether they wish to file supplemental briefs or if they will rely on the briefs previously filed. Should the parties notify this Court of an intent to file supplemental briefs, this Court will issue a briefing schedule thereafter. Oral argument in this matter shall proceed as scheduled.

Case remanded for further proceedings. Panel jurisdiction is retained.